UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
HERMELINDA WEATHERSPOON,

              Plaintiff,

  - against -                         **MEMORANDUM & ORDER**
                                          04-CV-1227 (RJD) (KAM)

NATIONAL RAILROAD PASSENGER CORP.,

              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MATSUMOTO, United States Magistrate Judge:

       Plaintiff brings this action pursuant to the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60 ("FELA"), for personal injuries she allegedly sustained while employed by defendant, National Railroad Passenger Corp. ("Amtrak" or "defendant"). This case has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1), for general pretrial supervision, including hearing and disposition of all non-dispositive matters. This Memorandum and Order addresses several discovery-related issues that have arisen between the parties. See docket nos. 32-33. The issues will be considered in turn.

I. Discovery of Railroad Retirement Board Records

       By letter dated September 27, 2005, defendant seeks an order "compelling plaintiff to produce a complete copy of all records provided to and from the RRB [United States Railroad Retirement Board]." Docket no. 32, Letter from Yuri Brunetti, Esq. ("Brunetti Letter"), at 4. Plaintiff, by letter dated October 6, 2005, objects to defendant's request, arguing that because evidence of disability payments is generally inadmissible as evidence presented to a jury (see Eichel v. New York Cent. R.R. Co., 375 U.S. 253, 255 (1963)), defendant's "attempt to

obtain copies of RRB documents must fail since they cannot possibly lead to admissible evidence." Docket no. 33, Letter from David Lockard, Esq. ("Lockard Letter"), at 3.

Under the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), a party is entitled to discovery of information relevant to its claims or defenses which is not privileged. The scope of discovery is governed by Fed. R. Civ. P. 26(b), which states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*

Fed. R. Civ. P. 26(b)(1) (emphasis added); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978) (relevance under Rule 26(b)(1), broadly construed, "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"); Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991) (citations omitted); Sherwin-Williams Co. v. Spitzer, No. 04 Civ. 185, 2005 WL 2128938, at *11 (N.D.N.Y. Aug. 24, 2005).

Defendant argues that the RRB records are relevant to the extent that they contain, among other things, "medical records, applications for benefits completed by plaintiff, statements of sickness, statements from treating physicians and earnings records." Brunetti Letter at 3. Plaintiff denies their relevance on grounds that such records may not be admissible at trial, without specifically addressing defendant's argument that a review of such records may lead to the discovery of admissible evidence. In light of the policy favoring a broad scope of discovery, and for the reasons set forth above, the Court agrees that plaintiff's RRB records may be relevant,

and accordingly, orders plaintiff to make such records available to defendant within five business days of the entry of this Memorandum and Order. See Lyondell-Citgo Refining, LP v. Petroleos De Venezuela, No. 02 Civ. 795, 2004 WL 2698218, at *2 (S.D.N.Y. Nov. 19, 2004) ("It is well-settled within this Circuit that [Fed. R. Civ. P. 26(b)(1)] will be satisfied if there is 'any possibility' that the information sought may be relevant to the subject matter of the action.") (quoting Daval Steel, 951 F.2d at 1367).

Upon the foregoing record, the Court, in its discretion, finds that an award of attorneys' fees is not warranted, and accordingly, denies defendant's request for fees. See Fed. R. Civ. P. 37; DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 135-36 (2d Cir. 1998) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)).

II. Other Issues: Items Necessary to Complete Expert Reports; Plaintiff's Medical Examination; Remaining Depositions

Defendant's counsel's September 27 letter further requests an order directing plaintiff to "provide supplemental responses to Amtrak's second set of document requests including, inter alia, copies of color photographs and a videotape referenced by plaintiff's ergonomic expert . . ., a copy of a document referenced by plaintiff's counsel during depositions of Amtrak employees, and lists of various types of documents in plaintiff's possession requested by Amtrak relating to the work performed by plaintiff and her working conditions. Amtrak requires these materials before its ergonomic expert can prepare a report in response to plaintiff's expert's reports." Brunetti Letter at 4.

In response, plaintiff's counsel states that he has "twice" provided defendant with

the requested color photographs and videos, and either had sent or was in the process of sending the requested documents at the time defendant sought the Court's intervention. Lockard Letter at 3-4. In this regard, Lockard contends that defendant's counsel "filed his motion . . . premature[ly]. Id. at 3.

To the extent that any of the requested documents, photographs and/or videotapes have not yet been received by defendant, plaintiff shall make such items available within five business days of the entry of this Memorandum and Order. Although it appears that counsel have technically complied with the requirement that they confer in good faith before seeking judicial intervention (see Fed. R. Civ. P. 37; Local Civil Rule 37.3; Minute Entry dated August 22, 2005), it appears that the request for judicial intervention may have been avoided through better communication between counsel. The Court reluctantly grants defendant until December 16, 2005 to provide plaintiff with its complete expert's reports and disclosures.

The parties have had adequate time to schedule plaintiff's independent medical examination ("IME"), and the Court believes that it should have been scheduled and completed by now. Plaintiff fails to explain why she was unavailable for her previously scheduled IME on one week's notice. It is ordered that plaintiff's IME be completed by November 10, 2005, and that plaintiff appear for her examination on ten days' notice.

With respect to the scheduling of the depositions of the Amtrak managers specified in plaintiff's counsel's October 6 letter, such depositions shall be completed by October 31, 2005, along with all other remaining fact discovery. The parties are strongly urged to work cooperatively to ensure that another extension of this date is not requested. The Court will not view such a request favorably.

Lastly, the Court notes with dismay the lack of progress the parties have made with respect to the completion of fact and expert discovery and warns them that no further extensions will be granted absent compelling reasons.

**SO ORDERED.**
Dated: October 12, 2005
       Brooklyn, New York

                                            /s/
                                    KIYO A. MATSUMOTO
                                    United States Magistrate Judge